IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARIUSZ JOZEF SULICH,<br><br>    Plaintiff,<br><br>vs.<br><br>SYSCO INTERMOUNTAIN FOOD SERVICES, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:04-CV-428 TS |

## I.  INTRODUCTION

This matter is before the Court on Defendant Sysco Intermountain Food Services' (Sysco) Motion for Summary Judgment on Plaintiff's Title VII claim that he was discriminated against based on his national origin when he was discharged from his job. Plaintiff has failed to show a prima facie claim of national origin discrimination or show evidence that Sysco's proffered reason for its action was a pretext for national origin discrimination.  The Court will grant Sysco's Motion.

## II.  UNDISPUTED FACTS

Plaintiff Dariusz Sulich is an immigrant from Poland and speaks English with an accent.  He worked in various positions for Defendant Sysco beginning in 1989.  From March 2002 through May 2003, Sulich worked the night shift in the warehouse in the driver check-in position.

On August 15, 2002, he received an adverse employment rating arising from an incident that month involving fish in the warehouse.  Sulich contends that he was not at fault in that August 2002 fish incident.

On May 1, 2003, Sulich received an adverse employment rating called a Performance Improvement Plan.  It listed several problem areas with Sulich's work and included 12 examples of improper coding between February and March 2003  and four specific examples between February and April 2003 of failures to complete his work by putting away all products returned during his shift.  The Plan concluded that he should be removed from his previous job assignment and be transferred to another position.  The Plan suggested moving him to a job in the occupancy department "in the night warehouse."

Sysco personnel searched for an opening in the night shift, but there were no such jobs available.  Sysco's business was slow at the time, there was a hiring freeze and several employees had already been transferred from the night shift to the day shift.  The only opening was for a day shift position in the nature of janitorial work, for less pay.

Sulich met with his supervisor on May 2, 2003.  He was offered the opening on the day shift, but explained that his family situation made it difficult for him to accept a day job.

On May 6, 2003, he again spoke with his supervisor, was again offered the day shift job, and again said he preferred not to accept a position on the day shift.

After this second conversation where Sulich would not accept the offer of position on the day shift, Sysco sent him a letter stating that it considered him to have resigned.

### III.   DISCUSSION AND CONCLUSIONS

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[1]

> To meet the burden of production required to support summary judgment, the movant need only point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law.  Summary judgment will then lie if the movant establishes entitlement to judgment as a matter of law given the uncontroverted, operative facts. Factual disputes that are irrelevant or unnecessary will not be counted.  The substantive law of the case determines which facts are material.
> Where a movant has met the initial burden required to support summary judgment, the non-movant then must either establish the existence of a triable issue of fact under Fed. R. Civ. P. 56(e) . . ..  Conclusory allegations made by a non-movant will not suffice.  Instead, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein.[2]

As an initial matter, Plaintiff has conceded his claims alleging harassment and failure to re-hire.[3]   Although Plaintiff's Complaint and Memorandum mention race discrimination, no where does Plaintiff state his race or state facts alleging discrimination

---

[1] Fed. R. Civ. P. 56(c).

[2] *United States v. Simons*, 129 F.3d 1386, 1388-89 (10th Cir. 1997) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) and *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992) (other internal citations and quotations omitted)).

[3] Pls' Mem. at 15.

based on race.[4]   Similarly, while Plaintiff's Memorandum mentions age,[5] his Complaint does not mention age or allege age discrimination under the Americans with Disabilities Act.  The Court finds that Sulich alleges national origin discrimination only.[6]

Sulich contends that he was discharged on the basis of his national origin and that Sysco's failure to offer him a position on the night shift was a pretext.

Title VII defines unlawful employment practices to include:

> (a) Employer practices
> It shall be an unlawful employment practice for an employer-
> (1) to . . .  discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . .  national origin;[7]

To prevail on a claim under Title VII, a plaintiff must show the employer intentionally discriminated against him for a reason prohibited by the statute.   Where the employee relies on circumstantial evidence to show discrimination under Title VII, the case is evaluated using the burden-shifting framework.[8]

> To establish a prima facie case of discriminatory discharge on the basis of national origin, under Title VII, an employee must show that (1) he belongs to a protected class, (2) he was qualified for his job, (3) despite his

---

[4] *E.g.* Complaint at ¶32 "Sysco discharged an individual based on his race or national origin.  Plaintiff Sulich was born in Poland and is of Polish descent."

[5] Pls' Mem at 14 (Sulich is a member of protected classes. . .  One, . . . at the time of his discharge [he] was older than 40."  Two, [he] is a Polish immigrant . . . ")

[6] See Complaint at ¶3.

[7] 42 U.S.C. § 2000e-2(a).

[8] *Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1124-25 (10th Cir. 2005).

qualifications, he was discharged, and (4) the job was not eliminated after his discharge.[9]

If the plaintiff establishes a prima facie case, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its action. "Should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."[10]

In the present case, Sulich has not met his burden of showing his prima facie case. He has not shown evidence that he was qualified for his job.

Sysco supported its position that Sulich was not qualified and was not doing a satisfactory job with the specific examples listed in the May 1, 2003 Performance Improvement Plan, an affidavit of one of his co-workers who performed the same tasks as Sulich, and the affidavit of two individuals who occupied the position of Senior Inventory Control Associate during the times Sulich worked the driver check-in position. The affidavit of the individual who prepared the list of specific examples of poor performance used in the May 1, 2003 Performance Improvement Plan stated that the examples were representative only and did not include all such incidents.[11]

In response, in his Memorandum Sulich asserts that his 14-year career and his having held the driver check-in position for 12 months "speaks for itself that he was

---

[9]*Rivera v. City and County of Denver,* 365 F.3d 912, 920 (10th Cir. 2004).

[10]*Id*. (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973); and *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981)).

[11]Childs Aff. at ¶ 13.

qualified to perform his duties."[12]  But that assertion is not support by citation to evidence. Such argument of counsel in a memorandum is not evidence.[13]

Sulich contests the earlier August 2002 Employee Action Plan Report.  However, because Sysco did not rely on that earlier incident as a reason for its action, and Plaintiff's claim does not cover that earlier time, any dispute regarding that 2002 incident is not relevant and will not be considered for purposes of summary judgment.[14]

Similarly, Sulich does not meet his burden of showing the fourth element – that the job was not eliminated after his discharge.  Sysco presented evidence that after Sulich was terminated, his job tasks were spread out among existing employees and no one was hired or transferred to replace him.[15]  Sulich's Memorandum attempts to show an issue of fact on this element by asserting that he was "replaced with another, younger and white employee,"[16] but again does not cite to any evidence to support that position.

Because Sulich has not met his burden of showing his prima facie case, Sysco is entitled to summary judgment.  Further, even if this Court were able to find that he had shown a prima facie case, Sysco has met its burden of articulating a nondiscriminatory reason for its action in removing him from his position.  Sysco has done so by its evidence

---

[12] Pl's Mem. at 12 ¶ 25.

[13] *Rossin v. Southern Union Gas Co.*, 472 F.2d 707, 712 (10th Cir. 1973) ("argument by brief is not evidence").

[14] *Simons*, 129 F.3d at 1388.

[15] Wood Aff. at ¶ 17.

[16] Pl's Mem. at 14.

that Sulich was not performing satisfactorily in that position.  "Poor performance is a quintessentially legitimate and nondiscriminatory reason for termination."[17]

This shifts the burden back to Sulich to proffer evidence demonstrating the employer's reason is pretextual.  This is typically accomplished by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence."[18]

For the reasons stated above, Sulich has not shown an issue of fact to dispute Sysco's evidence that he was performing poorly when he was removed from his driver check-in position or that he would not accept the only alternative job available because it was not on the night shift.  Sulich's proffer of a transcript purporting to be a recording of a conversation between him and the manager for driver check-in[19] supports, rather than disputes, these facts.  In that conversation, Sulich's[20] complaints are that he was not sufficiently warned before being written up[21] and that he cannot work days.  That evidence does not dispute that he was performing poorly, that the only alternative position that Sysco had available was offered to him, and that he declined to accept that position because he did not believe he could work days.

---

[17] *Bryant*, 432 F.3d at 1125.

[18] *MacKenzie v. City and County of Denver,* 414 F.3d 1266, 1278 (10th Cir. 2005)

[19] Pl's Aff., 1st attachment.

[20] Presuming that Sulich is "Speaker 1."

[21] E.g. Pl's Aff., at 4 line 15-17 and 25 and 5.

Sulich has not met his burden of showing a prima facie case of discrimination under Title VII nor has he produced evidence to show that the articulated reason for the adverse employment action is pretextual.  Accordingly, there being no material issue of fact, Sysco is entitled to judgment as a matter of law.  It is therefore

ORDERED that Sysco's Motion for Summary Judgment (Docket No. 9) is GRANTED.  The clerk of court is directed to enter a judgment in favor of Sysco and against Plaintiff Sulich on all claims.

DATED  February 21, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge